Patents; incentive awards to Government employees.— Plaintiffs sue to recover reasonable and entire compensation for alleged infringement of a patent issued to plaintiff Wes-seler. In moving for summary judgment defendant alleges that Wesseler in 1960 accepted two incentive awards for the patented invention and that under the legislation authorizing such awards, 68 Stat. 1112, 5 U.S.C. §§ 2121-2123, acceptance bars prosecution of the action, no other defense being asserted. The court in an order dated July 3, 1968, concluded that as a matter of law, under the present circumstances, the acceptance of the awards is not a bar to the suit, and that Wesseler is not required to allow a credit or offset on account of the awards. Judge Skelton dissented from the latter part of the court’s holding and would hold that Wesseler should refund the awards or he would allow an offset for them. The court denied defendant’s motion for summary judgment and remanded the case for trial. On defendant’s motion for reconsideration and rehearing, or for clarity, in which it complains not only of the court’s interpretation of the applicable law in denying its motion but also of the court’s failure to fully explain the reasons for that interpretation, the court in its order dated October 4, 1968, denying defendant’s motion, said in part:
After considering possible alternatives, we previously formed the opinion that it is in the interests of justice and the expeditious resolution of this suit to refrain from a full discussion of the issues raised in defendant’s *788 motion for summary judgment until after the trial of the case. Defendant has not stated any reasons which we deem compelling to require us to change our earlier position in this regard.